IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO.: 1:23-CR-000143

UNITED STATES OF AMERICA,

vs.

MICHAEL DANIELE,

Defendant.
_____/

## DEFENDANT, MICHAEL DANIELE'S MOTION FOR BILL OF PARTICULARS

Defendant, MICHAEL DANIELE, through counsel and pursuant to Federal Rule of Criminal Procedure 7(f) moves this court for the entry of an order requiring the United States of America (hereinafter referred to as "Government") to provide Defendant with a Bill of Particulars and in support states:

## I. INTRODUCTION:

This prosecution in its present format stems from a January 3, 2024 six (6) count indictment (Document 23 Exhibit "A" attached) in which arraignment on January 9, 2024 resulted in the entry of Defendant's not guilty plea(s). Regardless, these charges implicate the untenable criminal prosecution of an "innocent" retired twenty-eight (28) year New Jersey State Police Officer that was merely present on January 6, 2021 at the infamous events that occurred at or near the Capitol Building and its adjacent grounds in the District of Columbia more commonly known as Washington, D.C.

A status conference was held in this case on November 8, 2023 before the Honorable Amit P. Mehta, United States District Judge. The transcript of that status conference is attached as Exhibit "B". The upshot of the status conference is that after the court reviewed video(s) of the

1

alleged events of January 6, 2021 produced by the Government, it and defense counsel along with Defendant collegially expressed grave concern proceeding with a plea conference to conclude the case based upon prior filed charging instrument (Information) by the Government against the Defendant.  Boiled down, the court stated in relevant part:

> "I mean, I can't accept a plea if he's not prepared to admit to the elements." (Exhibit "B" page 16, lines 19 through 20).

This comment arose after the court on the record spelled out in open court the elements of the charged offenses.  Accordingly, now the Government is traveling under its current deficient, vague January 3, 2024 six (6) count indictment (Document 23, Exhibit "A").   It is this latter pleading that generates this motion for Bill of Particulars.

## II. INDICTMENT:

Counts I and II are styled civil disorder violations predicated upon Title 18, United States Code Section 231(a)(3).

Counts III and IV are violations largely based upon Title 18, United States Code, Section 1752(a)(1), respectively alleging "Entering and Remaining in a Restricted Building or Grounds" and "Disorderly and Disruptive Conduct in a Restricted Building or Grounds."

Last, the remaining counts V and VI implicate the provisions of Title 40, United States Code, Sections 5104 (e)(2)(D) and 5104 (e)(2)(G) alleging "Disorderly Conduct in a Capitol Building (Count V) and Parading, Demonstrating or Picketing in a Capitol Building" (Count VI).

In each instance (Counts I through VI, Exhibit "A") the vague, conclusory boilerplate allegations fail in toto to place Defendant on "fair notice" of the factual foundation and predicate of the proscribed criminal conduct  the Government seeks to prove in its effort to tarnish this presumed innocent Defendant's pristine   social and professional reputation.   In short, the

Government in its charging instrument, merely tracks the statutory language of the United States Code.

<h3 style="text-align:center">III. LEGAL STANDARD:</h3>

Defendant submits Federal Rule of Criminal Procedure 7(c)(1) permits Defendant to request additional information through a Bill of Particulars to "ensure that the charges brought against him are stated with enough precision to allow him to understand the charges, to prepare a defense, and perhaps also be protected against retrial on the same charges." United States v. Butler, 822 F. 2d 1191, 1193 (D.D.C. Cir. 1987). Indeed, contrary to a Rule 12 Motion seeking dismissal, the court may look beyond the indictment to determine, in its discretion, whether to direct the Government to file a Bill of Particulars, Id.;

Defendant is cognizant if a "charging indictment is sufficiently specific or if the requested information is available in some other form then a Bill of Particulars" is generally not justified. Butler, 822, F. 2d at 1193. "A defendant may not use a Bill of Particulars as a discovery tool or devise (sic) for allowing the defense to preview the government's theories or evidence." United States v. Ramirez, 54 F. Supp. 2d 25, 29 (D.D.C 1999). Similarly, if the deficiency can be "cured" by "discovery" then a Bill of Particulars is not warranted. United States v. Mosquera-Murillo, 153 F. Supp. 3d 130, 152 (D.D.C. 2105).

A defendant may move for a Bill of Particulars before or within fourteen (14) days after arraignment or any time with court permission. Federal Rule of Criminal Procedure 7(f). Here, the Defendant was arraigned on the superseding January 3, 2024 indictment (Document 23) on January 9, 2024. As a result, this motion is timely.

The Government is no stranger to the legal doctrine that it must identify the specific overt act of the Defendant. United States v. Bazezew, 783 F. Supp. 2d 160, 168 (D.D.C. 2011). Nor

3

even though not close to home (District of Columbia) that the Government notify a Defendant the specific proceeding that was obstructed. See: United States v. Royal Caribbean Cruises, Ltd., 24 D. Supp. 2d 157 (D.P.R. 1997).  In the present indictment, the Government just "tracks" the language of each Code provision, in each Count, yet fails at a minimum to properly inform Defendant of precisely how, what, and factually he (Defendant) did to violate the specific intent/mens rea elements of each Code provision.  Accordingly, Defendant maintains a prima facie showing has been demonstrated to order the Government to file in this case a Bill of Particulars (See below).

## IV. THIS CASE:

Counts I and II generally allege violations of Title 18, United States Code Section 231. The troubling, vague language in relevant part of the indictment asserts: "MICHEAL DANIELE committed and attempted to commit an act to obstruct, impede and interfere with law enforcement officers … incident to and during the commissions of a civil disorder…."

The court at its November 8, 2023 status conference (Exhibit "B" pages 5 through 8, and pages 10 through 12) reviewed the Governments exhibits offered at the status conference consisting of unauthenticated, blogger video(s) of Defendant at Peace Circle (Count I) and the West Plaza (Count II) in the support of its Title 18, United States Code, section 231, violations against Defendant.  The court opined:

> "I mean, I want to make sure that Mr. Daniele is not contending that he did, at least what was depicted in this image, by mistake or involuntarily. I mean, it's not just enough that his foot is there, it's that he does so knowingly and intentionally as opposed to he was pushed into it and he was somehow doing this not to obstruct." (Exhibit "B", pages 5 trough 6, lines 22 through 25, page 6, lines 1 through 3).

The court continued:

"And so sort of starting backwards, the fact that he's just entering the Capitol building, that's not going to get you there." (Exhibit "B" page 6, lines 14 through 16).

"And my only hesitation in what I just heard you say, Mr. Kaplan, is that Mr. Daniele's position may be that he was in fact pushed by somebody behind him into this barrier, and therefore wasn't acting voluntarily or unintentionally." (Exhibit B, Page 6, lines 24 through 25, page 7, lines 1 through 3).

The court discussed the elements of then 18 United States Code 2383, a civil disorder count in an unrelated case, (Exhibit "B", page 8, lines 3 through 18), but expressed concern that MICHAEL DANIELE, if he were to plea(d) was admitting he knowingly did the act, and two, that he did so with the actual intent to obstruct, impede or interfere (Exhibit "B", page 8, lines 20 through 23).

The above comments at the status conference of November 8, 2023 illustrate the need for the Court to require the Government to file a Bill of Particulars, describing with specificity, not vagueness, what act(s) Defendant committed so Defendant can properly prepare a defense. The end of the November 8, 2023 status conference underscores Defendant's need for a Bill of Particulars from the Government.

Reviewing the Government's exhibit 2, at the status conference, the court stated:

"it looks like Mr. Daniele -- and I think this was what Mr. Kaplan was alluding to earlier, which is he's at the front of a police line here just at I guess it's sort of the West Terrace, if memory serves. There's a line of officers, he's there towards the front. He hands the officer his hat or something -- hands the officer something. There's another individual who was in fact sort of pulling the barricades, the bike racks back. And Mr. Daniele ends up with his hands on the bike racks and sort of pushes them to the side, one of them." (Exhibit "B", page 10, lines 17 through 25, page 11, lines 1 through 2).

The court further opined:

"Look, and maybe this is a problem because -- well, anyway. But my interpretation, in looking at this, is that he is essentially holding onto something

that's being pulled back toward him by another rioter, because these bike racks were all connected." (Exhibit "B", page 11, lines 17 through 21).

The court toward the end of the status conference stated:

> "doesn't look like to me that he is the one that's initiating the pulling back of that bike rack; and that rather he is holding onto it because somebody else is pulling the bike -- you know, the connected portions of the bike rack toward him." (Exhibit "B" page 12, lines 11 through 15).

The status conference provides a preliminary legal "gaze" into the current indictment of January 3, 2024 (Document 23, Exhibit "A") which is still vague, indefinite, and in need of a Bill of Particulars from the Government.  That is, 18 United States Code 231(a)(3) requires, as the court shall be instructed:

> "First, the Defendant knowingly committed an act or attempted to commit an act to commit an act with the intended purpose of obstructing, impeding or interfering with one or more law enforcement officers."

And shall be instructed:

> "A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake or accident."

Last, the court shall be told:

> "A person who enters a restricted area with a good faith belief that he is entering with lawful authority  is not guilty of this offense."

Indeed, the above instructions show why too, the remaining counts III through VI, suffer from the same infirmity as Counts I and II, requiring the Government to provide Defendant with a Bill of Particulars, so Defendant can properly be placed on "fair notice" of what act(s) he committed either where "disorderly", "disruptive", "parading", "demonstrating" , "picketing" in a restricted area.  Right now, Defendant must only "guess" at what the Government is alleging based on two (2) unauthenticated videos from an unknow blogger.

## V. CONCLUSION:

Because the indictment does not plead facts showing how Defendant allegedly obstructed Congress, engaged in disorderly and disruptive conduct in a restricted building or grounds or engaged in disorderly conduct in a Capitol Building, the indictment does not indicate whether criminal conduct is limited to Defendant's entry into the Capitol Building, some specific act inside that building, or to conduct occurring outside the building, which is arguably protected by the First Amendment.  Since the indictment provides no notice as to what the specific conduct engaged in by MICHEAL DANIELE violates these statutes, Defendant cannot prepare a defense, minimize surprise at trial, or avoid double jeopardy.  Accordingly, the Government should provide a Bill of Particulars identifying the conduct of MICHAEL DANIELE, the Government contends was "an act of civil disorder" and disorderly and disruptive conduct", and the act(s) that support its 18 United States Code 231 violation.

Undersigned counsel has contacted AUSA Martin to obtain the information sought. However, AUSA Martin opposes this motion and has not provided the requested information.

WHEREFORE, Defendant, MICHAEL DANIELE, requests the court enter an order requiring the Government within twenty (20) days of this order to provide the Defendant with a Bill of Particulars and grant such other relief as the court deems just and proper.

**CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk via the CM/ECF and an electronic notification was sent via email to Sarah.Martin@usdoj.gov, Sarah C. Martin, Assistant United States Attorney, U.S. Attorney's Office for the District of Columbia, 601 D Street Northwest Washington, D.C. 20001 this 15th day of January, 2024.

LAW OFFICES OF STUART N. KAPLAN, P.A.
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919
By: /s/ Stuart N. Kaplan
Stuart N. Kaplan, ESQUIRE
Florida Bar No.: 647934
Email: skaplan@stuartnkaplanpa.com
Secondary Email: rbailey@stuartnkaplanpa.com