## COUNTS ONE AND TWO

## 18 U.S.C. § 231 – OBSTRUCTING OFFICERS DURING A CIVIL DISORDER[1]

(18 U.S.C. § 231(a)(3))

Counts One and Two charge the defendant with two separate counts of obstructing law enforcement officers during a civil disorder, which is a violation of federal law. Those counts also charge the defendant with attempt to commit the crime of obstructing officers during a civil disorder.

Elements

To find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

---

[1] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17), and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26); *see also United States v. Grider*, 651 F. Supp. 3d 1, 13 (D.D.C. 2022) ("[T]he Court need not find that the defendant's actions *in fact* obstructed law officer officers. Rather, the Court need only find that the defendant committed or attempted to commit an act with the *specific intent* to obstruct law enforcement officers.").

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[2]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[3]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as the United Sates Capitol Police.[4]

---

[2] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[3] *See* 18 U.S.C. § 232(3).

[4] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force

For the U.S. Capitol Police on January 6, 2021, the term "official duties" means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[5]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[6]

---

are carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 29-30).

[5] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

[6] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7) (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9) (same).

## ATTEMPT[7]

Counts One and Two also charge the defendant with attempt to commit the crime of obstructing officers during a civil disorder.  An attempt to commit obstruction of officers during a civil disorder is a crime even if the defendant did not actually complete the crime.

To find the defendant guilty of attempt to commit obstruction of officers during a civil disorder, the Court must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstruction of officers during a civil disorder, as defined above.

Second, that the defendant took a substantial step toward committing obstruction of officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, the Court may not find the defendant guilty of attempt to commit obstruction of officers during a civil disorder merely because the defendant thought about it.  The Court must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, the Court may not find the defendant guilty of attempt to commit obstruction of officers during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime.  Instead, the Court must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit

---

[7] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.  *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 28); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30-32).

obstruction of officers during a civil disorder.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**

A defendant may be found guilty of the separate offenses charged in Counts One and Two if, in each instance, the defendant obstructed officers during a civil disorder, or attempted to obstruct officers during a civil disorder.  If the Court finds beyond a reasonable doubt that the defendant committed the offense of obstruction of officers during a civil disorder in either one of these ways for either Counts One or Two, the Court should find the defendant guilty of the corresponding count, and need not consider whether the defendant committed the offense of obstruction of officers during a civil disorder in the other way.

## AIDING AND ABETTING[8]

In this case, the government further alleges that the defendant obstructed officers during a civil disorder, as charged in Counts One and Two, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed the offenses in Counts One and Two.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

To find the defendant guilty of obstructing officers during a civil disorder because the defendant aided and abetted others in committing this offense, the Court must find that the government proved beyond a reasonable doubt the following elements:

First, that others obstructed officers during a civil disorder by committing each of the elements of the offense charged, as explained above.

Second, that the defendant knew that obstruction of officers during a civil disorder was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of

---

[8] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of officers during a civil disorder.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of officers during a civil disorder.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, the Court must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, the Court may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, the Court may not find the defendant guilty of obstructing officers during a civil disorder as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way

participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offenses charged in Counts One and Two if the defendant obstructed officers during a civil disorder, attempted to obstructed officers during a civil disorder, or aided and abetted in obstructing officers during a civil disorder.  If the Court finds beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in any one of these three ways as to Counts One or Two, the Court should find the defendant guilty of the corresponding count, and need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other two ways.

## COUNT THREE

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[9]**

(18 U.S.C. § 1752(a)(1))

Count Three of the Indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.[10]

---

[9] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

[10] As explained in the Government's brief replying to defendant's motion to take judicial notice, section 1752 requires proof that the defendant knew he or she acted in a restricted building or grounds without lawful authority, but does not require proof that the defendant knew that a U.S. Secret Service protectee was present. ECF No. 41 at 4 (citing *United States v. Carnell et al.*, 23-cr-139 (BAH) (Memorandum Opinion, Feb. 15, 2024, ECF No. 98 at 10-12); *United States v. Smith,* 23-cr-71 (RDM), Trial Tr. at 82-97 (May 10, 2024); *United States v. Nester*, No. 22-cr-183-2 (TSC), Trial Tr. at 2-12 (Mar. 5, 2024); *United States v. Chambers*, No. 23-cr-300 (DLF), Oral Ruling (Mar. 14, 2024)). "Under Section 1752, the USSS-protectee requirement in a part of the definitional subsection has no bearing on the "wrongfulness [or] innocence" of the conduct, and proof of knowledge of the USSS-protectee requirement is accordingly not required." *Id.* at 31. Several other courts in this district have similarly held that knowledge of the reason the area was restricted is not required. *See United States v. Easterday*, 22-cr-404 (JEB), 2024 WL 1513527, at *10 (D.D.C. Apr. 8, 2024); *United States v. Warnagiris*, 21-cr-382 (PLF), ECF No. 128 at 4–5 (D.D.C. Mar. 28, 2024); *United States v. Chambers*, 23-cr-300 (DLF) (D.D.C. Mar. 14, 2024); *United States v. Nester*, 22-cr-183 (TJC) (D.D.C. Mar. 5, 2024); Trial Tr. at 1199–1200, *United States v. Vo*, No. 21-cr-509 (TSC), ECF No. 130 (D.D.C. Sept. 22, 2023); Trial Tr. at 8, *United States v. Eicher*, No. 22-cr-38 (BAH) (D.DC. June 14, 2023); Mem. Court's Responses to Jury Questions at 4, *United States v. Rhine*, No. 21-cr-687 (RC), ECF No. 104 (D.D.C. Apr. 24, 2023); Trial Tr. at 330–32, *United States v. Griffin*, No. 21-cr-92 (TNM), ECF No. 106 (D.D.C. Mar. 22,

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Counts One and Two.

---

2022).  Some courts in this district have come to the opposite conclusion, but those opinions came to the wrong result.  *See* Verdict Tr. at 4, *United States v. Samsel*, No. 21-cr-537 (JMC) (D.D.C. Feb. 2, 2024); *United States v. Groseclose*, No. 21-cr-311 (CRC), 2024 WL 68248, at *9 (D.D.C. Jan. 5, 2024); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932, at *7 (D.D.C. Dec. 1, 2023); *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842, at *4 (D.D.C. July 13, 2023).  The D.C. Circuit is expected to decide this issue in *United States v. Griffin*, No. 22-3042 (oral argument held Dec. 4, 2023).

## COUNT FOUR

### DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS

(18 U.S.C. § 1752(a)(2))

Count Four of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that, when viewed in the circumstances in which it takes place, is likely to endanger public safety or create a public disturbance.[11] Even passive, quiet, and nonviolent conduct can be "disorderly," if the conduct is likely to cause a public disturbance.[12]

---

[11] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024); *see also United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[12] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024) ("[I]it is ... clear from caselaw that even passive, quiet and nonviolent conduct can be disorderly. The Supreme Court has recognized that a breach of the peace can occur 'by passive conduct likely to cause a public disturbance[.]'" (citing *Garner v. Louisiana*, 368 U.S. 157, 174 (1961))).

Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[13]

"Disruptive conduct" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings.[14]  This includes conduct that causes disorder or turmoil, or that stops or prevents the normal continuance of an activity.  Whether particular conduct is "disruptive" depends on the context and surrounding circumstances, and includes conduct that is plainly out of place for the time or setting where it occurs.[15]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Three.

---

[13] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).

[14] *United States v. Alford*, 89 F.4th 943, 951 (D.C. Cir. 2024).

[15] *United States v. Alford*, 89 F.4th 943, 950-51 (D.C. Cir. 2024) (noting that "disrupt" means "to throw into disorder or turmoil" and that "disruptive actions are those that are inappropriate or plainly out of place for the time or setting").

## COUNT FIVE

**DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS[16]**

40 U.S.C. § 5104(e)(2)(D)

Count Five of the Indictment charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The term "House of Congress" means the United States Senate or the United States House of Representatives.

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded.

---

[16] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).

The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

 "Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Four.  For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[17]

The terms "knowingly" and "willfully" have the same meaning described in the instructions for Counts Three and Four.

---

[17] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).

**COUNT SIX**

**PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING**[18]

40 U.S.C. § 5104(e)(2)(G)

Count Six of the Indictment charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

Definitions

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to gathering with others, or individually drawing attention to oneself, to express support for or disapproval of an identified action or viewpoint.[19] The term "demonstrate" may also refer to conduct that would disrupt the orderly business of Congress.[20]

---

[18] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 19).

[19] *United States v. Nassif*, No. 23-3069, 2024 WL 1515004, at *8 (D.C. Cir. Apr. 9, 2024); *see also id.* at *9 ("Under any plausible definition of the term, Nassif was "demonstrating" when he joined a group of hundreds of people, many carrying signs, banners, or flags, who shouted or chanted as they descended on and entered into the Capitol seeking to halt the certification of the 2020 election.").

[20] *See Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

The term "Capitol Buildings" has the same meaning described in the instructions for Count Five. The terms "knowingly" and "willfully" have the same meaning described in the instructions for Counts One and Two.