UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No: 23-cr-143 (APM) |
| v. : | |
| : | |
| MICHAEL DANIELE, : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL**

The United States of America hereby files its opposition to Defendant Michael Daniele's Motion for a New Trial or Judgment of Acquittal, filed on June 18, 2024. The basis for the instant motion is Daniele's view of the required mens rea under 18 U.S.C. § 1752, which the Court rejected at trial. The issue is currently on appeal in *United States v. Griffin*, 22-3042 (D.C. Cir). Given that the Court has already addressed the mens rea issue, and the instant motion fails to raise any new legal arguments, Daniele's motion should be denied.

**LEGAL STANDARD**

Pursuant to Rule 33, a court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Motions for a new trial are "not favored and are viewed with great caution." *United States v. Borda*, 786 F. Supp. 2d 25, 31 (D.D.C. 2011) (internal citations omitted). "Despite the court's broad authority to order a new trial, it should be exercised sparingly and limited to situations presenting a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *Id.* at 32 (internal quotations and citations omitted). Under the Rule 33 standard, a defendant is not entitled to a retrial on the basis of newly discovered evidence unless he can show that "a new trial would probably produce an acquittal." *United States v. Williams*, 233 F.3d 592, 593 (D.C. Cir. 2000) (citing *Thompson v. United States*, 188 F.2d 652, 653 (D.C.Cir.1951)). The granting or denial of a motion for

a new trial is committed to the sound discretion of the trial court judge and is reviewed only for abuse of discretion. *United States v. Kelly,* 790 F.2d 130, 133 (D.C. Cir. 1986).

## ARGUMENT

The parties previously briefed the issue raised in the instant motion. ECF No. 37, 41, 42. After hearing argument on the issue at trial, the Court agreed with the ten (now eleven) other judges in this District rejecting the argument that section 1752 requires knowledge of the Vice President's presence. Daniele does not raise any new legal arguments in his motion, but repeats the argument previously raised at trial. The government hereby incorporates its previous briefing, which fleshes out why section 1752 does not require knowledge of a Secret Service protectee presence—primarily because the protectee's presence is a jurisdictional element. ECF No. 41 at 4-12. Given that Daniele does not raise any new arguments, the Court should deny his motion for a new trial.

## CONCLUSION

For the foregoing reasons, the Court should deny Daniele's motion for a new trial.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        UNITED STATES ATTORNEY
                                        D.C. Bar Number 481052

By:    /s/ *Sarah C. Martin*
        Sarah C. Martin
        Assistant United States Attorney

        Carolyn J. Jackson
        Assistant United States Attorney