IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO.: 1:23-CR-000143

UNITED STATES OF AMERICA,

vs.

MICHAEL DANIELE,

Defendant.
_____/

## **DEFENDANT, DANIELE'S MEMORANDUM IN AID OF SENTENCING**

COMES NOW, the Defendant, MICHAEL DANIELE, by and through the undersigned attorney and submits the following memorandum in aid of sentencing:

## **BACKGROUND**

On September 15, 2023, MICHAEL DANIELE was charged with six (6) counts via indictment: (1 **Civil Disorder,** in violation of Title 18, United States Code, Section 231(a)(3); (2 **Civil Disorder,** in violation of Title 18, United States Code, Section 231(a)(3); (3 **Entering and Remaining in a Restricted Building or Grounds,** in violation of Title 18, United States Code, Section 1752(a)(1); 4) **Disorderly and Disruptive Conduct in a Restricted Building or Grounds,** in violation of Title 18, United States Code, Section 1752(a)(2); 5) **Disorderly Conduct in a Capitol Building,** in violation of Title 40, United States Code, Section 5104(e)(2)(D); and 6) **Parading, Demonstrating, or Picketing in a**

CASE NO.: 1:23-CR-000143

**Capitol Building,** in violation of Title 40, United States Code, Section 5104(e)(2)(G).

Since February 23, 2023, MICHAEL DANIELE has been on his personal recognizance with release conditions during the entire time that this matter has been pending. He has attended all court appearances, both in person and via online hearings. He has been and continues to be fully compliant with his release conditions.

On June 12, 2024, MICHAEL DANIELE had a three (3) day bench trial in this matter on all six (6) counts before this Honorable Court. The trial was in person and lasted three (3) days, with two (2) days of testimony and argument and a verdict issued on the third day. After the conclusion of the evidence on June 14, 2024, the court found the defendant guilty of three (3) counts, and acquitted Defendant, MICHAEL DANIELE of counts One and Two a sentencing date was scheduled for October 4, 2024. In anticipation of sentencing, the preparation of a Presentence Investigation Report (PSR) was ordered, and the final PSR was prepared on September 27, 2024.

**A.    Statutory Penalties**

The penalty for Count 1, Entering and Remaining in a Restricted Building,

CASE NO.: 1:23-CR-000143

in violation of 18 USC § 1752(a)(1), is 1 year imprisonment and/or a $100,000 fine. The penalty for Count 2, Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 USC § 1752(a)(2), 1 year imprisonment and/or a $100,000 fine. The penalty for Count 3, Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 USC § 5104(e)(2)(D), is 6 months imprisonment and/or a $5,000 fine. The penalty for Count 4, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 USC § 5104(e)(2)(G), is 6 months imprisonment and/or a $5,000 fine.

### B. MICAEL DANIELE'S Actions on January 6, 2021

The date of January 6, 2021, will forever be remembered in American history as a day in which the foundations of our democracy were shaken. There were many individuals who caused physical damage, assaulted police officers, and in many other ways disgraced the hallowed halls of the U.S. Capitol. However, MICHAEL DANIELE was not one of those individuals. His crime is based upon his entering the U.S. Capitol. At no time does the evidence provided at trial allege that he was violent, or had damaged any property.

### C. Challenges to Sentencing Guideline Calculations

With regard to the guideline calculations, the defendant takes no issue with

CASE NO.: 1:23-CR-000143

the criminal history category of I. The defendant further does not dispute the base offense level of 10. However, the defendant objects to the +2 adjustment for Adjustment for Obstruction of Justice pursuant to USSG §3C1.1. PSR. He has been fully compliant with his release conditions and there has been no suggestion of any impropriety or efforts to impede this case on his part.

Accordingly, the PSR author, therefore, appears to be basing this "obstruction of justice" entirely on the fact that MICHAEL DANIELE exercised his constitutional right to a trial and chose to take the stand and testify. However, his testimony does not rise to the level that would indicate that he gave any falsehoods or intentionally lied during his trial testimony. He was consistent in his responses between direct and cross-examination,

Under the Sentencing Guidelines, a defendant commits perjury and obstructs justice under U.S.S.G. § 3C1.1 24 if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of mistake or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993)(cited in United States v. Gaviria, 116 F.3d 1498, 1518 (D.C. Cir. 1997)). Furthermore, the district court must find willful perjury by clear and convincing evidence. United States v. Montague, 40 F.3d 1251, 1254 (D.C.Cir.1994). In this

4

CASE NO.: 1:23-CR-000143

case, the court should not make such a finding. Accordingly, the court should deny the two-point enhancement based upon USSG §3C1.1.

### D. Statutory Sentencing Factors under 18 U.S.C. § 3553(a)

As this court knows, in United States v. Booker, 543 U.S. 220, 264 (2005), the Supreme Court indicated that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." Booker further indicated that the purpose of the guidelines was to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'"Booker, 543 U.S. at 264 (quoting 28 U.S.C. § 991(b)(1)(B)).

Given the factors under 18 U.S.C. § 3553(a), this court should consider the following: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and provides the defendant with needed educational or vocational training and medical care; and (4) the need for the sentence to avoid unwarranted disparities among defendants with similar records convicted of similar

CASE NO.: 1:23-CR-000143

conduct. *See* 18 U.S.C. § 3553(a).

The court undoubtedly wishes to avoid disparities between defendants who have been convicted of these misdemeanors that have been applied to individuals who entered the U.S. Capitol and did not cause any damage. In the large majority of the January 6th defendants who have been sentenced to these misdemeanor offenses, it appears that most have received a fully probationary sentence, with about a third of those individuals receiving a limited amount of home confinement. Accordingly, MICHAEL DANIELE would respectfully request that a sentence of a <u>conditional discharge or in the alternative straight probation</u>. There is nothing in the actions of MICHAEL DANIELE that would necessarily suggest that his actions had any aggravating circumstances to justify a non-probationary sentence or even home confinement.

Given all the aspects of MICHAEL DANIELE - his lack of criminal record, his compliance with his pretrial conditions, his nonviolent behavior within the U.S. Capitol, his employment – MICHAEL DANIELE would respectfully request a conditional discharge or in the alternative a probationary. This has been a valuable lesson and is one to never be repeated. MICHAEL DANIELE has shown through his actions that he is respectful of the court's authority and that he has a

CASE NO.: 1:23-CR-000143

low chance of recidivism. As he has already done, he will comply with all conditions placed upon him.

The court should reject in its entirety the Government's recommendation of eleven (11) months in in prison and at worst adopt the Probation Department's recommendation of probation.

WHEREFORE, for the reasons stated above, Defendant, MICHAEL DANIELE, respectfully requests a <u>conditional discharge or in the alternative a full probationary sentence</u>.

Respectfully Submitted,

MICHAEL DANIELE
By Counsel

By: /s/ *Stuart N. Kaplan*
Stuart N. Kaplan, ESQUIRE
Florida Bar No.: 647934
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919
Email: skaplan@stuartnkaplanpa.com
Secondary Email: rbailey@stuartnkaplanpa.com

CASE NO.: 1:23-CR-000143

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk via the CM/ECF and an electronic notification was sent via email to Sarah.Martin@usdoj.gov, Sarah C. Martin, Assistant United States Attorney, U.S. Attorney's Office for the District of Columbia, 601 D Street Northwest Washington, D.C. 20001 this 27th day of September, 2024.

    LAW OFFICES OF STUART N. KAPLAN, P.A.
    PGA Financial Plaza
    3399 PGA Boulevard, Suite 150
    Palm Beach Gardens, Florida 33410
    Telephone: (561) 296-7900
    Facsimile: (561) 296-7919
    By: /s/ *Stuart N. Kaplan*
    Stuart N. Kaplan, ESQUIRE
    Florida Bar No.: 647934
    Email: skaplan@stuartnkaplanpa.com
    Secondary Email: rbailey@stuartnkaplanpa.com